UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL HENRY WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV652 JCH |
| | ) | |
| RICHARD B. IVES, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's response to the Order to Show Cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred.

Petitioner pled guilty to two charges of second degree assault in 1983. The Circuit Court for the City of St. Louis sentenced petitioner to seven years' imprisonment on April 1, 1983. Petitioner did not file a direct appeal or any motions for post-conviction relief.

---

[1]On July 23, 2012, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

On September 12, 2011, petitioner filed an application for writ of habeas corpus seeking to overturn his conviction and sentence in the Western District of Louisiana. After the case was transferred to this Court, the Court ordered petitioner to show cause why the instant matter should not be dismissed as time-barred, given that petitioner's application for writ was filed more than eighteen years after his state court conviction became final.

In his response to show cause, petitioner asserts that a recent Supreme Court case applies to the matter at hand. Specifically, petitioner claims that he never had a full and fair opportunity to litigate his constitutional claims in a lower court with the benefit of counsel, therefore, he should not be held to the time constraints outlined in 28 U.S.C. § 2244(d)(1). On behalf of his argument, petitioner cites to the Supreme Court case of <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012).

In <u>Martinez,</u> the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." <u>Id</u>. at 1320.

In a convoluted argument, petitioner broadly asserts that <u>Martinez</u> should be interpreted as a message from the Supreme Court to "respect the Federal Constitutional rights of prisoners in initial review collateral proceedings." He appears to be claiming that because this is his first "collateral review" of his 1983 conviction, the Court should give him the benefit of the doubt and allow him to proceed with his claims for relief despite them being filed more than eighteen years late.

What petitioner seems to be missing is that <u>Martinez</u> does not mention statute of limitations arguments under § 2244(d) or the effect its holding should have on timeliness analyses under requests for habeas relief; thus, it has absolutely no bearing on the instant case.

Having fully reviewed petitioner's arguments to the contrary, the Court reaffirms its prior finding that the instant petition is time-barred under § 2244(d). Although petitioner requests an additional sixty days to file supplemental briefing on the matter, the Court finds that no additional briefing is necessary. As such, petitioner's application for writ of habeas corpus will be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Rule 4 of the Rules Governing § 2254 Proceedings.

**IT IS FURTHER ORDERED** that petitioner's request for additional time to file supplemental briefing is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.

Dated this 10th day of September, 2012.

/s/Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE